UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENDALL REID, BRADLEY SEARS, and ANDRELL THOMAS, on behalf of themselves and all other persons similarly situated, | ) ) ) 11 C 8690 |
| Plaintiffs, | ) ) Judge Feinerman |
| vs. | ) ) |
| NEIGHBORHOOD ASSISTANCE CORPORATION OF AMERICA, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Kendall Reid, Bradley Sears, and Andrell Thomas brought this putative class action in the Circuit Court of Cook County, Illinois, against Defendant Neighborhood Assistance Corporation of America ("NACA"), alleging violations of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, the Secure and Fair Enforcement for Mortgage Licensing Act ("SAFE Act"), 12 U.S.C. § 5101 *et seq.*, and the Illinois Residential Mortgage License Act ("IRMLA"), 205 ILCS 635/1-1 *et seq*. Doc. 1-1. NACA removed the case pursuant to 28 U.S.C. § 1441. The notice of removal contends that "[b]ecause Plaintiffs seek relief under the SAFE Act, a federal statute …, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331." Doc. 1 at ¶ 7.

Before the court is NACA's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Doc. 7. For the following reasons, the motion is granted in part and denied as moot in part. The SAFE Act and IRMLA claims are dismissed without prejudice, while the IWPCA claims are remanded to state court.

-1-

NACA's notice of removal plausibly interprets the complaint as bringing independent claims for relief under the IWPCA, the SAFE Act, *and* the IRMLA.  Plaintiffs, however, aver that their only claims for relief are brought under the IWPCA; the alleged violations of the SAFE Act and the IRMLA, Plaintiffs explain, are simply predicates for the IWPCA claims.  Doc. 15 at 7 ("The wrongful activities which violated the SAFE Act and IRMLA resulted in the IWPCA violations, but the claim and the relief sought is based on violation of IWPCA.").  Accordingly, the SAFE Act and IRMLA claims, to the extent they exist at all, are dismissed without prejudice.

That leaves the IWPCA claims.  NACA's notice of removal does not contend that the court has original jurisdiction over the IWPCA claims.  The only stated basis for jurisdiction over those claims is 28 U.S.C. § 1367(a), the supplemental jurisdiction statute.  Doc. 1 at ¶ 9 ("This Court has federal question jurisdiction over Plaintiffs' federal claim, and can assert jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because Plaintiffs' Illinois state law claims arise out of the same "case or controversy" as their federal claim.").  The question then becomes whether the court should exercise its discretion under 28 U.S.C. § 1367(c) to relinquish jurisdiction over the IWPCA claims and remand them to state court.

Section 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  The SAFE Act claims are the only claims over which the court had original jurisdiction, and those claims have been dismissed.  "As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendant state claims." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007).  This rule has three exceptions: "when the [refiling] of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on

the state claims; and when it is clearly apparent how the state claim is to be decided." *Ibid*. None of the exceptions apply here. The IWPCA claims are being remanded to state court, not dismissed, so there will be no statute of limitations problem. Substantial federal judicial resources have not yet been committed to the IWPCA claims; in fact, *no* resources have been committed to those claims. And it is not clearly apparent how the IWPCA claims should be decided. It follows that relinquishing jurisdiction over the IWPCA claims is appropriate under § 1367(c)(3). *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994).

During a hearing on January 4, 2012, NACA alluded to the possibility that the court might have original federal question jurisdiction over the IWPCA claims pursuant to the doctrine set forth in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). Without mentioning *Grable*, NACA suggested that resolving the IWPCA claims will require the court to interpret and apply the SAFE Act, whose alleged violation is among the predicates of the IWPCA claims. *Grable* does not apply here. *Grable* jurisdiction exists only in a "special and small category" of cases, and "it takes more than a federal element to open [§ 1331's] … 'arising under' door." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699, 701 (2006) (quoting *Grable*, 545 U.S. at 313) (internal quotation marks omitted); *see also Bennett v. Sw. Airlines Co.*, 484 F.3d 907, 910 (7th Cir. 2007) ("the influence of federal law on the outcome of a contract (or tort) suit is not enough to support the arising-under jurisdiction"). The asserted necessity of interpreting the SAFE Act in adjudicating the IWPCA claims, standing alone, is an insufficient basis for original federal jurisdiction under *Grable*. *See, e.g., Navistar Int'l Corp. v. Deloitte & Touche LLP*, __ F. Supp. 2d. __, 2011 WL 5131178 (N.D. Ill. Oct. 28, 2011)

Accordingly, as the notice of removal correctly reflects, supplemental jurisdiction under § 1367(a) is the only basis for bringing the IWPCA claims in federal court, and for the above-stated reasons, such jurisdiction is relinquished. Both parties should take note that if Plaintiffs ultimately bring in state court an affirmative claim for relief under the SAFE Act or any other federal law, NACA may again try to remove the case to federal court.

April 11, 2012

_____
United States District Judge